### GEORGE v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Madison Co

No 134.   Decided Dec 9, 1937

Thomas J. Duffy, Columbus, for plaintiff-appellee.

Herbert S. Duffy, Attorney General, Columbus, and Eugene Carlin, Asst. Attorney General, Columbus, for defendant-appellant.

## OPINION

By GEIGER, J.

This action is before this court on appeal on questions of law from the judgment of the Court of Common Pleas of Madison County, finding in favor of the claimant's right to participate in the state fund under the Workmen's Compensation Law of Ohio.

The cause came into the Court of Common Pleas on appeal from the Industrial Commission. The petition alleges in substance that in 1932 the plaintiff was in the employ of the School Board of Canaan Centralized School District, Madison County, in the capacity of manager and overseer of busses at a wage of $150.00 per month. It was alleged that said district had complied with the requirements of the Workmen's Compensation Law and that on said date plaintiff was helping to change a tire on one of the busses of the Canaan Centralized School District when he received the injuries which partially disabled him and were the basis of his claim for compensation.

It is alleged that he was denied the right to receive compensation and made proper application for rehearing and that the Industrial Commission disallowed his claim on rehearing for the reason that the claimant was not an employee of the employer named on the date of his alleged injuries. The Industrial Commission answered, admitting certain facts and denying others not specifically admitted.

Upon trial a jury was waived and the cause came on for hearing before the judge of the Court of Common Pleas. After the plaintiff had rested a motion was made on behalf of defendant that the court render judgment in favor of defendant for the reason that the evidence does not show that the plaintiff received an injury in the course of or arising out of his employment and that the evidence shows that plaintiff was a lessor of the busses to the School Board and that he was in the position of an independent contractor and not in the position of an employee of the Board at the time of the alleged injuries. The motion was overruled and exceptions noted. At the conclusion of all the testimony, the court found in favor of the claimant's right to participate in the fund and a motion for new trial was filed and overruled and the court, as before stated, certified to the Commission that the finding was in favor of claimant's right to participate in the state fund. Notice of appeal was given on questions of law.

In this court, for assignments of error, the appellant says that the judgment is erroneous in that it should have been for the defendant and that it was against the manifest weight of the evidence and that the plaintiff was an independent contractor or lessor of the motor vehicles in question and not an employee within the meaning of the Workmen's Compensation Law, and further, that the court erred. in receiving and rejecting evidence.

The only question to which our attention is invited is: Was the plaintiff an employee of the Board at the time he received the injury, there being no question made as to the nature of the injury.

Certain minutes of the Board of Education of a meeting held on July 7, 1930 were introduced, which disclosed the fact that a member of the Board offered a resolution, the pertinent part of which is as follows:

"That we employ F. H. George to supervise and oversee all of the haulers employed by the Board upon a salary of $150.00 per month. The duties of the said F H. George shall be to supervise the school haulers employed by the Board to see that they properly perform their duties. * * ' He shall have no authority to either employ or discharge any hauler and shall at all times be subject to the control and direction of this Board in the performance of all of his duties."

There can be no question that this was a contract of employment falling within the terms of §1465-61 GC, which provides that an employee shall be construed to mean:

"Every person in the service of the state or * * * school district therein under any appointment or contract of hire." '

The case, however, is complicated by the fact that there was another contract in which it was disclosed that the Board appropriated or budgeted for the running expenses of the busses certain amounts, for insurance, pay for drivers, gasoline, oil, fuel, repairs, tires and replacements, aggregating $578.15 per month. Of this amount $148.00 was for repairs, tires and replacements. The entire amount was paid over to Mr. George by the Board and he was commissioned to pay the expenses as above budgeted. This sum was in addition to the $150.00 for his salary as provided in the former contract.

Mr. George was a resident of Plain City in Madison County and he there owned a building in which his brother operated a garage and the injury of which he complains was sustained while he was helping one of the haulers change a tire on a school bus, then in the garage. The evidence further develops the fact that George was in fact the owner of all the busses being operated by the School Board, but that for the purpose of securing better insurance rates and possibly relieving the busses of the payment for the annual license plates the busses were carried in the name of and as though owned by the School Board. This, however, was not the fact. The amount paid to George in addition to his $150.00 salary for the operation of the busses apparently included compensation to him for the rental of the busses.

When a bus was out of order it was customary to take them to the garage owned by Mr. George's brother, where they were repaired. On the date in question one of the tires of the bus showed evidence of deflation and was in the garage for the purpose of being removed for replacement by another tire. During the course of the operation the tire and rim were taken off and due to the fact that some air had been left in the tire, the rim was released and the edge of the rim flew up and struck the claimant in the head, fracturing his skull and causing concussion of the brain and injuring his eye.

As to the duties under his contract, he testified that his job was to see that the drivers were on time, in good shape and condition and repairs taken care of and to see that the busses were in good condition. The busses were usually repaired by the regular garage man but frequently and on the morning in question, the repairs were made by the driver of the bus, assisted by the plaintiff, it being stated that they had to get the car back to the school house and

that was the reason they were changing the tires; that he was required to see that the cars were in good condition and everything working right and that he supervised the operation of the busses, but that if they needed mechanical work they were taken to the garage and the garage man fixed them, for which services the school board paid. He testified that if a tire was down or anything happened it was his duty to see that the bus was brought in and, if necessary, help in putting a tire on and getting the bus ready to operate and that it was sometimes necessary for him to change tires; that it was a part of his duty, if he was available, to fix the tires, but that the regular garage men ordinarily did this service and were paid on a monthly contract to keep the busses in repair and that he himself received no money other than his salary.

Without in more detail enumerating the conditions of the contracts with the Board it would appear that the plaintiff was engaged by the Board and in its employ, under the contract, to supervise and oversee all of the haulers employed by the Board and see that they properly performed their duties and, further, the Board paid to him certain sums to be dispersed by him for certain definite purposes, among which were the repairs of the busses.

The question, then, is whether or not the injury received by Mr. George was in the course of his employment as supervisor of the drivers or while operating as an independent contractor and as owner and lessor of the busses.

We are of the opinion that the injury received by him was during the course of his employment as a supervisor at the fixed salary of $150.00 and not as an independent contractor.

We have examined the case of Industrial Commission v Laird, 126 Oh St 617, and Industrial Commission v McAdow, 126 Oh St 198, and are of the opinion that the principles there laid down do not necessitate the holding that the plaintiff in this case was engaged as an independent contractor at the time of the injury, or if he was so dealing, with the Board as lessee of the busses, he was at the same time employed as a supervisor of drivers. We are in harmony with the opinion of the judge of the Court of Common Pleas of Madison County and his judgment will be affirmed.

BARNES, PJ, and HORNBECK, J, concur.